In the Matter of the Claim of CARRIE BROOKS, Widow of NAPOLEON B. BROOKS, Deceased, Respondent, *v.* TRUSTEES OF THE NEW YORK SHIPPING ASSOCIATION–ILA et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, October 31, 1967.

*Michael P. Fogarty* and *Eugene T. O'Neill* for appellants.

*Fink, Frank & Gerringer* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Julius Fell* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

GABRIELLI, J. Appeal is taken by the carrier from a decision of the Workmen's Compensation Board awarding disability benefits under article 9 of the Workmen's Compensation Law.

While working on a vessel owned by the Cunard Steamship Company Ltd., the claimant fell over a hose on the deck on May 15, 1963. He did not seek medical attention until August 31, 1963. He then filed a claim for nonoccupational disability benefits occasioned by the fall and this was rejected on the ground that the diagnosed injuries (fractured vertebrae) were occupationally sustained. In December, 1963 he filed for compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, § 901 *et seq.*), and in January, 1964 he also commenced an action against his employer (Cunard) alleging negligence and the unseaworthy condition of the vessel. This action was settled for $20,000 on May 18, 1964 and he then withdrew his Federal claim for compensation and requested reinstatement of the disability benefits claim and which he alleged was not occupationally connected. The only medical reports submitted stated he was suffering from myeloma and they further associated his three hospitalization confinements commencing August 31, 1963 with myeloma, from which he subsequently died. The doctors further stated that this condition was in no way connected with the fall on May 15, 1963.

The board on the reinstated claim for disability benefits found that his disability was due solely to myeloma and made an award to commence December 1, 1963. In so doing, it rejected appellant's contention that the settlement made by claimant with Cunard for $20,000, which covered the period for which the disability award was made by the board, disqualified claimant from receiving any benefits, under paragraph (c) of subdivision 1 of section 206 of the Workmen's Compensation Law, and that he could not doubly recover thereunder. The board quite properly held the action against Cunard was not a third-party action within the contemplation of section 227 of the Workmen's Compensation Law and no claim is here made by the appellant that this section is applicable.

Paragraph (c) of subdivision 1 of section 206 of the Workmen's Compensation Law provides in pertinent part, as follows: '' Non-duplication of benefits. 1. No benefits shall be payable * * * (c) * * * for any period with respect to which benefits, compensation or other allowances (other than workmen's compensation benefits for a permanent partial disability occurring prior to the disability for which benefits are claimed

hereunder) are paid or payable under this chapter, the volunteer firemen's benefit law, or any other workmen's compensation act, occupational disease act or similar law, or under any employers' liability act or similar law; under any other temporary disability or cash sickness benefits act or similar law; under section six hundred eighty-eight, title forty-six, United States Code; under the federal employers' liability act; or under the maritime doctrine of maintenance, wages and cure.''

Appellant now urges that the settlement with Cunard constitutes '' benefits, compensation or other allowances   *   *   * paid   *   *   * under any other workmen's compensation act *   *   * or similar law or any employer's liability act or similar law '' within the meaning of the quoted section (Workmen's Compensation Law, § 206, subd. 1, par. [c]) and bottoms its basic contention that the phrase '' similar law '' therein encompasses recoveries under the general maritime law as well.

Appellant's contention that the present award was improperly made, cannot be sustained. Significantly, there were three remedies available to seamen when section 206 (subd. 1, par. [c]) of the Workmen's Compensation Law was passed, viz. (1) a suit for unseaworthiness (which claimant brought against Cunard resulting in the settlement), (2) recovery '' under the maritime doctrine of maintenance, wages and cure '' and (3) recovery under the Jones Act; and *only* the latter two were specifically mentioned in section 206 (subd. 1, par. [c]) as barring an award for benefits, while recovery for unseaworthiness is conspicuously absent. In addition, we would observe that exclusion from benefits under the '' similar law '' concept refers to *statutory* law, which an unseaworthiness suit is not. We further point out that when section 206 (subd. 1, par. [c]) was enacted, the Governor's Memorandum accompanying its enactment stated that the purpose of the section was to bring '' to the working men and women of the State of New York the benefits of social insurance against the hazard of sickness and disability not incurred in their employment '' (N. Y. Legis. Annual, 1949, p. 263) and here, the myeloma was not employment connected. Appellant's reliance on *Matter of Thomas* v. *Georgiou* (17 A D 2d 576) is misplaced. There the court determined that a claimant who had recovered against his employer alleging he was an independent contractor, could not later file for compensation benefits. In the present case, the recovery against Cunard was for injuries arising from employment and the disability award was for an unrelated condition. While the appellant is correct in its assertion that the settlement with Cunard compensated the claimant for the same period of wage

loss for which a disability benefits award was made, it must be remembered that he was suffering from injuries and disability from separate and unrelated causes, i.e., the accident aboard ship and the myeloma condition; and the board's finding that his disability was due solely to myeloma is amply supported by substantial evidence.

We hold that section 206 (subd. 1, par. [c]) of the Workmen's Compensation Law is not applicable to the facts in this case and the board's determination, being based on substantial evidence, must be affirmed.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

HERLIHY, J. P., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.